809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Willie KENNEDY, Defendant-Appellant.
 No. 86-7280.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1986.
Decided Jan. 12, 1987.
 
 Before RUSSELL, HALL and PHILLIPS, Circuit Judges.
 Charles Willie Kennedy, appellant pro se.
 Breckinridge Long Willcox, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Charles Willie Kennedy appeals the district court's dismissal of his 28 U.S.C. Sec. 2255 motion challenging his 1976 conviction of bank robbery. Kennedy alleges that during his trial 1) he was denied due process because he was not given a hearing out of the presence of the jury as to the admissibility of evidence; 2) he was denied due process because a member of the jury was a law enforcement officer; 3) evidence was altered when submitted to the jury; 4) the prosecutor made prejudicial and misleading statements during closing argument; and 5) he received ineffective assistance from his attorney. The district court determined that Kennedy's motion was without merit and dismissed it accordingly. In dismissing Kennedy's Sec. 2255 motion, the district court failed specifically to address Kennedy's ineffective assistance claim. The record reflects, however, that the claim is without merit.
 
 
 2
 In support of his ineffective assistance of counsel claim, Kennedy asserts that his attorney 1) failed to object to the introduction of evidence by the prosecutor in his closing argument, 2) failed to raise objections to the false statements made by the prosecutor in his closing argument, 3) failed to object to pretrial identification, and 4) failed to object to incourt identification.
 
 
 3
 The first and second allegations of the ineffective assistance claim relate directly to the prosecuting attorney's use of the term "clear" in his characterization of bank surveillance photographs. We find no error in the attorney's failure to object.
 
 
 4
 We also find that Kennedy's third and fourth claims of ineffective assistance lack merit. There is nothing in the record to suggest a valid basis for challenging the identification procedures. Moreover, Kennedy previously has raised and had decided adversely to him on the merits ineffective assistance claims which relate to those procedures. See United States v. Kennedy, No. 78-6443 (4th Cir., Oct. 2, 1979) (unpublished). Although the doctrine of res judicata does not apply to Sec. 2255 motions, the motion may be denied "if 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, 2) the prior determination was on the merits, and 3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963). Kennedy's claim of ineffective assistance of counsel is therefore without merit.
 
 
 5
 As to the remaining claims, we affirm the judgment below on the reasoning of the district court. United States v. Kennedy, CR No. 76-0722-M; C/A No. 86-2199-M (D.Md., Aug. 25, 1986). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.